# In the United States Court of Federal Claims

No. 14-675V
(Originally Filed: November 23, 2016)
(Reissued: December 19, 2016)[1]
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

HOLLY BRANNIGAN, a parent of KB,
a minor,

|                              |                                                    |
|------------------------------|----------------------------------------------------|
| *Petitioner*,                | National Childhood Vaccine                         |
| v.                           | Injury Act; Motion for review;                     |
|                              | Motion to dismiss; Standing;                       |
| SECRETARY OF HEALTH AND      | Vaccine Rule 15; Vaccine Rule                      |
| HUMAN SERVICES,              | 23.                                                |

*Respondent*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Currently before the court is petitioner's former counsel's motion for review of the Special Master's decision on interim fees. On March 17, 2016, the Special Master granted petitioner's counsel, Ms. Patricia Finn's motion to withdraw as counsel. On March 28, 2016, Ms. Finn moved for leave to file a motion for an interim fee award. Defendant opposed the request for fees on the merits but not based on standing or any procedural deficiency. The Special Master granted the motion for leave to file, finding that Ms. Finn had standing under Vaccine Rule 15, citing *Turner v. Sec'y of Health and Human Servs.*, No. 02-1437V, 2014 WL 1493119, at *1-8 (Fed. Cl. Spec. Mstr. March 26, 2014) (order granting leave to file such a motion based on Vaccine Rule 15). The Special Master granted the motion for an interim fee award in part and ordered an award of $17,135.51 in fees and costs. Ms. Finn then appealed that decision by means of a motion for review under Vaccine Rule 23, arguing that the Special Master's denial of some of her fees and costs was arbitrary and capricious.

---

[1] This order was originally held for redactions pursuant to Rule of the Court of Federal Claims ("RCFC"), App. B, Rule 18(b) ("Vaccine Rule 18(b)"). It now appears as in the original.

Respondent has moved to dismiss the motion for review for lack of jurisdiction. The Secretary argues that the Vaccine Act grants jurisdiction to this court to review the Office of Special Masters only upon the filing of a motion for review by a party. Because Ms. Finn does not represent the petitioner and is not otherwise a party to this action, she lacks standing and the court lacks jurisdiction. We agree.

The Vaccine Act reads, in relevant part, as follows:

(1) Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision. . . .

(2) Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings . . . .

42 U.S.C. § 300aa-12(e)(1)-(2) (2012). The court's Vaccine Program Rules mimic this language: "To obtain review of the special master's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed." RCFC Vaccine Rule 23.

Ms. Finn argues that the Special Master's grant of standing under Vaccine Rule 15 below is sufficient for standing purposes to establish her right to seek review here. She points out that, absent this result, no review will be possible for decisions by special masters on interim attorneys fee requests when an attorney no longer represents a petitioner, a circumstance that is not infrequent before the Office of Special Masters.

Vaccine Rule 15 specifically disallows intervention by a third party in a vaccine petition action, but it affords the special masters discretion to allow "all interested parties an opportunity to submit relevant written information within 60 days after publication of notice of the petition in the Federal Register, or later with leave of the special master."[2] RCFC Vaccine Rule 15.

---

[2] The Vaccine Act requires that petitions for compensation under the act
(continued...)

As the example noted above, several special masters have granted former counsel leave to file motions for interim fee awards under this rule.  We note that this seems an unlikely source of authority for such discretion as the rule specifically prevents intervention and interim fee awards are considered awards of compensation under the Act.  *Shaw v. Sec'y of Health and Human Servs.*, 609 F.3d 1372, 1375-76 (Fed. Cir. 2010).  The rule seems intended to elicit information relevant to the merits of the petition.  We do not reach that question, however, as it is not specifically in front of us.  Even assuming that the Special Master's grant of counsel's request to seek fees through the device of Rule 15 were appropriate, we hold that it does not entitle former counsel standing independent of the petitioner to seek review here.

The Act grants jurisdiction to review a Special Master's award or denial of compensation only upon the filing of motion for review by a party to the action.  Ms. Finn, though granted leave to file a motion below, is not a party to the present action.  It follows that we have no jurisdiction over her motion for review.  Accordingly, respondent's July 20, 2016 motion to dismiss the July 18, 2016 motion for review is granted.  The clerk's office is directed to send a copy of this order to petitioner's former counsel, Ms. Patricia Finn.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[2](...continued)
be published in the Federal Register.  42 U.S.C. § 300aa-12(b)(2).