# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 14-675V

(Filed:  April 7, 2017)

\* \* \* \* \* \* \* \* \* \* \* \* \*

HOLLY BRANNIGAN,

*Parent of KB, a minor*

            Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

            Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \*

    Dismissal; Tetanus-diphtheria-
acellular pertussis ("TDaP")
Vaccine; Human papillomavirus
("HPV") Vaccine; Influenza
("Flu") Vaccine; Dysautonomia;
Postural Orthostatic Tachycardic
Syndrome ("POTS").

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Darry Wishard, U.S. Dept. of Justice, Washington, DC for respondent.*

## DECISION[1]

**Roth,** Special Master:

    On July 28, 2014, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"][2] on behalf of her minor child K.B. Petitioner alleged that K.B. received tetanus-diphtheria-acellular pertussis ("TDaP") and human

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

papillomavirus ("HPV") vaccinations on or about July 28, 2011, influenza and HPV vaccinations on September 30, 2011, an HPV vaccination on January 30, 2012, and an influenza vaccination on September 12, 2012, and thereafter suffered from severe acne, headaches, near syncopal episodes, dysautonomia, and Postural Orthostatic Tachycardia Syndrome ("POTS"). On December 16, 2016, petitioner filed an Amended Petition, further alleging that K.B. received an intranasal influenza vaccine on November 8, 2012, a meningococcal vaccine on February 13, 2013, and an influenza vaccine on December 30, 2013, each of which "was a significant contributing factor to her autonomic nervous system impairment." Amended Pet. at 1, ECF No. 69. The information in the record, however, does not show entitlement to an award under the Program. On April 6, 2017, petitioner filed a Motion for Decision Dismissing Petition, requesting that her case be dismissed. ECF No. 73.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that K.B. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that K.B.'s alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that K.B. suffered a "Table Injury" or that K.B.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master