# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed: May 26, 2017)

No. 14-675V

| | | |
|---|---|---|
| * * * * * * * * * * * * *   * | | |
| HOLLY BRANNIGAN, *parent of KB*, | * | UNPUBLISHED |
| *a minor*, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Contested; Reasonable Basis. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * *   * | | |

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Darryl Wishard, United States Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 28, 2014, Holly Brannigan ("Ms. Brannigan" or "petitioner") filed a petition for compensation, on behalf of her minor child, KB, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2]  (The "Vaccine Act" or "Program"). Petitioner asserted that the tetanus-diphtheria-pertussis ("Tdap" or "Td/Tdap") and human papillomavirus ("HPV") vaccinations administered on July 28, 2011, the influenza ("flu") and second HPV vaccinations administered on September 30, 2011, the third HPV vaccination administered on January 30, 2012, and the flu vaccination administered on September 12, 2012, caused KB to suffer from severe acne, incapacitating headaches, near syncopal episodes,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

dysautonomia, and Postural Orthostatic Tachycardia Syndrome ("POTS"). Petition ("Pet.") at 1-3.

## I.    Procedural History

The petition was filed on July 28, 2014 and this case was initially assigned to now-Chief Special Master Dorsey. *See generally* Pet., Notice of Assignment; ECF Nos. 1, 2. On January 22, 2015, respondent filed his Rule 4(c) Report ("Rule 4") stating that compensation was not appropriate in this case. Rule 4, ECF No. 16.

On October 19, 2015, the case was reassigned to me. Notice of Reassignment, ECF No. 34. On February 26, 2016, counsel for petitioner filed a Motion to Withdraw as Attorney of Record. Motion, ECF No. 36.

On June 16, 2016, I issued a decision granting interim attorneys' fees and costs in part to petitioner's former counsel.[3] In summarizing K.B.'s medical records for that decision, I noted that K.B. had received an influenza vaccination on December 30, 2013, and within a month had developed dizziness, fatigue, and headaches, requiring hospitalization. That vaccine was not included in the original Petition. Decision at 3, fn. 8. Between February 10, 2015, and February 26, 2016, 4 orders were entered requiring the filing of an Amended Petition and expert report. Predecessor counsel failed to comply with the Court's orders, missed deadlines and after 12 months of noncompliance with the Court's orders, withdrew as counsel. I therefore found that reasonable basis for the petition that was pending before that court at that time ended on July 13, 2015, the first deadline for the filing of an amended petition and expert report. Attorneys' fees were reduced accordingly. *See* Decision, ECF No. 52.

Petitioner opted to continue with her case *pro se*. A status conference was held on September 1, 2016 during which petitioner advised that she would have a new attorney within 30 days. It was recommended to petitioner that she file an amended petition before December 29, 2016 to include the flu vaccination received by K.B. on December 30, 2013, in order to preserve the statute of limitations on her claim for that vaccine. Scheduling Order, ECF No. 59.

Andrew Downing, Esq., substituted as petitioner's attorney of record on October 13, 2016. ECF No. 65. A status conference was held on December 1, 2016, during which Mr. Downing stated petitioner's intent to amend her petition to include the influenza vaccination of December 30, 2013. Additionally, Mr. Downing advised that K.B.'s medical records had been submitted to an expert for review; petitioner was ordered to file an expert report by January 30, 2017. Respondent did not raise the issue of reasonable basis during this conference. Scheduling Order, ECF No. 68.

---

[3] In the Decision granting interim attorneys' fees and costs in part, I provided a detailed medical and procedural history of this case.  *See* Decision, ECF No. 52; *Brannigan v. Sec'y of HHS*, No. 14-675V, 2016 WL 3886297 (Fed. Cl. Spec. Mstr. June 17, 2016). A motion for review by petitioner's former counsel was denied. *See Brannigan v. Sec'y of HHS*, 2016 WL 7338616 (Fed. Cl. 2016).

Petitioner filed an Amended Petition on December 16, 2016, preserving petitioner's prior allegations and further alleging that the influenza vaccination that K.B. received on December 30, 2013 contributed to her autonomic nervous system impairment. Am. Pet. at 1, ECF No. 69.

Petitioner requested and received two extensions of time for her expert report. Motions for Extension of Time, ECF No. 71, 72. On April 5, 2017, petitioner filed a Motion for a Dismissal Decision. ECF No. 73. A decision was issued on April 6, 2017, dismissing petitioner's claim for insufficient proof. ECF No. 74.

On April 12, 2017, petitioner filed an application for attorneys' fees and costs, requesting $14,498.50 in attorneys' fees and $748.91 in costs, for a total of $15,247.41. Motion, ECF No. 77. Respondent filed his response on April 19, 2017, stating that an award of fees and costs should be denied due to a lack of reasonable basis. Response, ECF No. 78. Petitioner filed a reply on April 25, 2017, arguing that petitioner had met the reasonable basis standard. Reply, ECF No. 80. Petitioner also filed a supplement to her application for fees and costs, requesting an additional $2,839.50 in attorneys' fees for time spent litigating fees, for a total of $18,086.91. Supplemental Brief, ECF No. 81.

## II.        Applicable Law

In general, the Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y of HHS,* 85 Fed. Cl. 319, 322-23 (Dec. 10, 2008). Special masters are afforded considerable discretion when considering motions for attorney fees. For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners. *Sabella v. Sec'y of HHS,* 86 Fed. Cl. 201, 208-09 (Mar. 2, 2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method to determine the amount an attorney should be compensated for. *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (Oct. 31, 2011). Additionally, a special master is "entitled to use…prior experience in reviewing fee applications," including experience with particular attorneys. *Riggins v. Sec'y of HHS,* 406 Fed. Appx. 479, 481 (Fed. Cir. 2011) (citing *Saxton v. Sec'y, HHS,* 3 F.3d 1517, 1519 (Fed. Cir. 1993)).

## III.        Discussion

### 1.  Challenges to reasonable basis.

The Vaccine Act permits an award of reasonable attorneys' fees and costs, if the petition was "brought in good faith and there was a reasonable basis." §15(e)(1). "Neither the Federal

Circuit nor [the United States] Court [of Federal Claims] has had occasion to define the meaning of 'reasonable basis' for purposes of fee awards under the Vaccine Act," but it has been interpreted in several cases. *See, e.g., Woods,* 105 Fed. Cl. at 153.

Reasonable basis is typically viewed as "an objective standard determined by the 'totality of the circumstances.'" *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (May 30, 2014) (citations omitted). This somewhat amorphous standard has often been defined not by what it includes, but rather by what is lacking in cases in which a reasonable basis has been found not to exist. Typically, reasonable basis is not found when "fundamental inquiries are not made." *Di Roma v. Sec'y of HHS,* No. 90-3277, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Additionally, a case may have a reasonable basis when filed, but may lose reasonable basis during the pendency of the case. *Perreira v. Sec'y of HHS,* 33 F.3d 1375, 1376-77 (Fed. Cir. Aug. 31, 1994); *McNett v. Sec'y of HHS,* No. 99-684V, 2011 WL 760314, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2011). Furthermore, the burden lies with petitioner to "affirmatively demonstrate a reasonable basis." *McKellar*, 101 Fed. Cl. at 305. Some of the factors considered when assessing reasonable basis include: "'the factual basis, the medical support, jurisdiction issues', and the circumstances under which a petition is filed." *Chuisano*, 116 Fed. Cl. at 288 (citing *Di Roma,* 1993 WL 496981, at *1). Neither the fact that no medical records or supportive expert opinion was filed nor the fact that the claim was filed beyond the statute of limitations automatically negates a finding of reasonable basis. *Chuisano*, 116 Fed. Cl. at 288 (citations omitted). Furthermore, "[a] looming statute of limitations does not forever absolve a petitioner from his or her obligation to proceed with a reasonable basis to support his claim, at least not if the petitioner hopes to recover any fees and costs." *Chuisano,* 116 Fed. Cl. at 287 (citations omitted).

In my June 16, 2016 Decision, I noted, following extensive review of the medical records filed with the court, that of the vaccines alleged, the vaccine most likely to have caused injuries, if any, to K.B., may have been the influenza vaccine she received on December 30, 2013. This vaccine was not included in the original petition. Respondent agreed, stating in his Response to the motion for review of that Decision, "…the last vaccination KB received was on December 30, 2013, and KB had symptoms thereafter similar to the symptoms alleged in the petition. Thus, the records could conceivably support potential vaccine injury claims that have yet to be time-barred." Res. Resp. to Pet. MFR at 10 (citations omitted). I held that reasonable basis for purposes of predecessor counsel's attorneys' fees and costs ended on July 13, 2015, due to the content of the original petition, the vaccines alleged therein, and predecessor counsel's repeated failure to comply with the court's orders to amend the Petition.

The failure to include the influenza vaccine of December 30, 2013, and the necessity to amend the petition to include the vaccine was discussed at a status conference with petitioner on September 1, 2016, when she was *pro se*, and again with present counsel, Mr. Downing, during a status conference on December 1, 2016. At no time did respondent raise the issue of reasonable basis.

Mr. Downing submitted that, prior to filing the Amended Petition to include a claim for the influenza vaccination, he consulted with an expert, who provided a theory of causation and supporting medical literature. Reply at 2-3. The billing records support this submission. The

billing records also reflect that upon receipt of the file by Mr. Downing's office on October 7, 2016 and through October 27, 2016, Mr. Downing's associate, Courtney Van Cott, spent 31 hours reviewing the medical records received from predecessor counsel and drafting a time line "regarding symptoms pre and post 2013" and "onset of symptoms." Pet. Ex. A at 8-9. Thereafter, between December 2, 2016 and December 14, 2016, Ms. Van Cott spent 7.8 hours drafting the Amended Petition to include the December 30, 2013 influenza vaccine.

Additionally, the billing records reflect that after the filing of the Amended Petition, petitioner's counsel had three additional conferences with the expert in January and February of 2017, before the expert informed counsel in March of 2017 that he would not be able to opine on causation. *Id*. at 4. Upon learning that she would not be able to support her claim with an expert's opinion, petitioner filed a motion for a dismissal decision. *Id*. at 4.

Relying on my Decision for Interim Attorneys' Fees and Costs holding that reasonable basis ended on July 13, 2015, respondent now argues that, because petitioner did not file any new medical records while represented by current counsel, the lack of reasonable basis was not rehabilitated. Respondent further submits that counsel should have determined whether there was reasonable basis to continue with this matter before amending the petition to include the flu vaccine received by K.B. on December 30, 2013. The billing records reflect Mr. Downing's communications with an expert both before the filing of the Amended Petition and multiple times thereafter who, he submitted, provided a theory of causation and thus a basis for him to proceed. Reply at 2-3.

The reasonable basis requirement looks "not at the likelihood of success of a claim but more to the feasibility of the claim." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 303 (2011). Based on the history of this case and the efforts of current counsel, I find that Mr. Downing fulfilled his duty to investigate the claim and did so in a relatively short amount of time with the assistance of an expert. Therefore, I find that reasonable basis existed for continuing this case and for the filing of the Amended Petition.[4]

The Court notes its appreciation for Mr. Downing's willingness to substitute in as counsel, investigate this matter and provide petitioner with the representation she deserved. Immediately upon learning that the expert he had retained could not support causation in this matter, Mr. Downing filed a motion for dismissal.

## 2. **Reasonable attorneys' fees**

Petitioner has requested $14,498.50 in attorneys' fees, and an additional $2,839.50 in supplemental fees, for a total fee request of $17,338.00. In accordance with General Order #9, petitioner's counsel has represented that petitioner did not incur any out of pocket expenses. Motion at 2. In his response, respondent stated that, "…in the event that, over respondent's

---

[4] In her moving papers, petitioner raised an issue with regard to a November 8, 2012 nasal influenza vaccine and a February 13, 2013 meningococcal vaccine K.B. received as timely filed in the Amended Petition filed on December 16, 2016. The nasal influenza vaccine was included in the original Petition. Pet. at 2, ¶12. As set forth by petitioner, this argument was rendered moot when petitioner was unable to secure an expert report. Reply at 3.

objection, the Special Master determines that petitioner is entitled to an additional fee award, then respondent defers to the Special Master as to the amount of any such award." Response at 5.

Petitioner has requested hourly rates for Mr. Downing of $350 for work performed in 2016 and $375 for work performed in 2017. Mr. Downing has over 22 years of experience, and has been practicing in the Vaccine Program since 2003. Petitioner has requested an hourly rate of $195 for Mr. Downing's associate, Courtney Van Cott, and paralegal rates of $100 for work performed in 2016 and $135 for work performed in 2017. Petitioner's counsel has already been awarded the fees and costs requested at the same hourly rates as requested here. *See Bales v. Sec'y of HHS*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Based on the foregoing, I find the rates requested to be reasonable.

However, Ms. Van Cott spent over 30 hours between October 7, 2016, and October 27, 2016 reviewing medical records and drafting a timeline. While I recognize that this matter had a significant amount of medical records that were filed in disarray (ECF Nos. 8, 10, 14, 20, 25-27, and 32), having reviewed them all myself, I find 30 hours to be excessive, and reduce these hours to 20 hours. Furthermore, Ms. Van Cott billed 7.8 hours in drafting an Amended Petition. In light of the timeline purportedly prepared during the review of the medical records for the addition of the December 30, 2013 influenza vaccine to the Amended Petition, 7.8 hours seems excessive. Petitioner is awarded 4 hours for the drafting of the Amended Petition. *See generally* Motion for Fees, Ex. A, ECF No. 77-1. Attorneys' fees are therefore reduced to $11,807.50.

Petitioner submitted an additional $2,839.50 in attorneys' fees for filing his Reply to respondent's Response on reasonable basis as follows: 5.70 hours for Mr. Downing to review the response, draft an outline for the reply, have several discussions with Ms. Van Cott, and draft and file the reply; and 3.60 hours for Ms. Van Cott to review respondent's response, draft the reply, and continue and finish drafting the reply, for total combined hours of 9.30. Pet. Ex. B.

Counsel has filed replies on the issue of reasonable basis multiple times in the past year. Additionally, the work, as billed by Mr. Downing and Ms. Van Cott, appears to be duplicative. Being unable to determine from the description who actually did what on the reply, I award counsel $1,500 for the reply on this motion. The total award of attorneys' fees therefore amounts to **$13,307.50.**

### 3. Reasonable costs

Petitioner has requested $748.91 in costs, including $700 in fees paid for an expert consultation. These costs appear to be reasonable and appropriate in light of the facts of this case; therefore, I see no need to reduce them.

### IV.      TOTAL AWARD SUMMARY

For the reasons contained herein, **I award a lump sum of $14,056.41, representing reimbursement for all attorney's fees and costs available under §15(e)(1), in the form of a check payable jointly to petitioner, Holly Brannigan, and petitioner's counsel of record, Andrew Downing.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).